IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KENNETH DESANTOS, NILDA DESANTOS, GREGORIO LOMIBAO, and NORMA LOMIBAO, | ) Civ. No. 14-00473 ACK-KSC )  )  ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| LAURA LEE BOURLAND, HALLIDAY ASSOCIATES, INC., a Washington Corporation, and DOES 1-10, | ) ) ) ) |
| Defendants. | ) ) ) |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFFS' MOTION FOR TRANSFER OF VENUE**

For the following reasons, the Court DENIES Defendants' Motion to Dismiss without prejudice, GRANTS Plaintiffs' Motion for Transfer of Venue, and transfers this case to the Western District of Washington.

**FACTUAL BACKGROUND**[1/]

This case arises out of an automobile accident that occurred on March 6, 2012 in Las Vegas, Nevada. Plaintiffs Kenneth and Nilda DeSantos are married and citizens of the State of Hawaii. (FAC ¶ 1.) Plaintiffs Gregorio and Norma Lomibao, Gregorio DeSantos's in-laws, are citizens of the Philippines.

---

[1/] The facts as recited in this Order are for the purpose of disposing of the current motion and are not to be construed as findings of fact that the parties may rely on in future proceedings.

(Id. ¶ 2.) Defendant Laura Lee Bourland ("Bourland") is a citizen of the State of Washington, and Defendant Halliday Associates, Inc. ("Halliday") is a corporation doing business in the State of Washington. (Id. ¶¶ 3-4.)

Plaintiffs allege that, on March 6, 2012, they were driving in a Dodge Grand Caravan rental in Las Vegas, and were hit from behind while waiting at a traffic light. (FAC ¶ 8.) Plaintiffs allege that they were hit by a sports utility vehicle driven by Defendant Bourland, who was at the time employed by, and acting within the scope of her employment with, Defendant Halliday. (Id.) Plaintiffs allege that the collision was the result of Bourland's negligence. (Id. ¶ 9.)

## PROCEDURAL BACKGROUND

On October 16, 2014, Plaintiffs filed their original Complaint against Defendants. (Doc. No. 1.) Plaintiffs filed their First Amended Complaint on December 3, 2014. (Doc. No. 9 ("FAC").) In their First Amended Complaint, Plaintiffs allege that, as a result of Defendants' negligence, they have suffered "permanent bodily injury, shock and embarrassment, pain of body and mind, and emotional and mental distress," and have incurred medical costs in excess of $5,000. (FAC ¶¶ 10-12.) Plaintiff Nilda DeSantos additionally alleges that she "has sustained and will continue to sustain wage losses and/or impairment of earning capacity." (Id. ¶ 12.) Plaintiffs seek general and special

damages in an amount to be proven at trial.

On January 12, 2015, Defendants filed the instant Motion to Dismiss, seeking dismissal of the First Amended Complaint on the basis of a lack of personal jurisdiction. (Doc. No. 12.) On March 16, 2015, Plaintiffs filed their memorandum in opposition to the motion. (Doc. No. 37.) Defendants filed their reply on April 20, 2014. (Doc. No. 39.)

A hearing on the motion was held on May 8, 2015. During the hearing, Plaintiffs made an oral motion for transfer of venue should the Court find it lacks personal jurisdiction over Defendants. The Court therefore requested further briefing on Plaintiffs' motion, and on May 13, 2015, Defendants filed their Memorandum in Opposition to Plaintiffs' Oral Motion for Transfer of Venue. (Doc. No. 42.) Plaintiffs filed their reply in support of the motion on May 18, 2015. (Doc. No. 43.)

**STANDARD**

The Court's exercise of personal jurisdiction over a party may be challenged under Federal Rule of Civil Procedure 12(b)(2). The plaintiff bears the burden of showing that the Court has jurisdiction over the defendant. Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011). The Court may allow the parties to submit affidavits, allow affidavits plus discovery, or conduct an evidentiary hearing. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001).

When the Court rules without conducting an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts" to avoid dismissal. Wash. Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 672 (9th Cir. 2012). The Court must take as true all uncontroverted facts in the complaint, but may not assume the truth of allegations which are contradicted by affidavit. CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1073 (9th Cir. 2011). The Court must resolve all factual disputes in the plaintiff's favor. Wash. Shoe, 704 F.3d at 672.

## DISCUSSION

### I. Personal Jurisdiction

In their motion, Defendants seek dismissal of Plaintiffs' First Amended Complaint in its entirety on the basis that the Court lacks personal jurisdiction over them. Because there is no applicable federal statute governing personal jurisdiction in this case, the Court applies Hawaii state law. Fed. R. Civ. P. 4(k)(1)(A); Wash. Shoe, 704 F.3d at 672. Hawaii's long-arm statute, Hawaii Revised Statutes § 634-35, reaches to the full extent permitted by the Constitution. Cowan v. First Ins. Co., 608 P.2d 394, 399 (Haw. 1980). The relevant question, therefore, is whether the requirements of Constitutional due process are satisfied by the exercise of personal jurisdiction over the Defendants in Hawaii.

It is undisputed that Defendants are not citizens or

residents of Hawaii, and are rather citizens of the State of Washington. (FAC ¶¶ 3-4.) For a court to exercise personal jurisdiction over a non-resident defendant, due process requires that the defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Due process is satisfied if the Court has either "general jurisdiction" or "specific jurisdiction" over the defendant. Doe v. Am. Nat'l Red Cross, 112 F.3d 1048, 1050 (9th Cir. 1997). Defendants assert that the Court has neither. Plaintiffs concede that the Court does not have specific personal jurisdiction (as there is no affiliation between the forum and the underlying controversy), but nevertheless argue that the Court has general personal jurisdiction over the Defendants. (Opp'n at 2.)

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) persons and corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011). For general jurisdiction to exist over nonresident defendants such as the Defendants here, the defendants must engage in "continuous and systematic general business contacts" that "approximate

physical presence" in the forum state. CollegeSource, 653 F.3d at 1074 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984) and Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000)). The standard for general jurisdiction "is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004).

To determine whether a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, the Court must consider their "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." CollegeSource, 653 F.3d at 1074 (quoting Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1172 (9th Cir. 2006)). Here, the Court concludes that Plaintiffs have not satisfied the "exacting" standard necessary for the Court to exercise general jurisdiction over Defendants. Defendants have no employees or agents in Hawaii, do no business here, and own no property here. Their scant contacts with the forum simply cannot be said to be continuous, systematic, or substantial.

Plaintiffs nevertheless argue that the Court may exercise general jurisdiction over Defendants because: (1)

Bourland has vacationed in Hawaii at least three times, during which time she checked her work email on her phone; (2) Bourland contributed to an architecture book that may be purchased in Hawaii; and (3) Halliday has a business relationship with the DLR Group, a company that is involved in a school project in Waipahu, Hawaii.

First, as to Bourland's vacations in Hawaii, they fall far short of establishing the type of "continuous and systematic general business contacts" that "approximate physical presence" in Hawaii. See CollegeSource, 653 F.3d at 1074. Apparently, Bourland has vacationed in the State of Hawaii three times, and during each vacation she paid for lodging, car rentals, food, and recreational activities, and paid the associated Hawaii state taxes on all of these expenditures. (Opp'n at 9-17.) Bourland also checked her work email on her phone up to ten times while traveling in Hawaii. (Id. at 10.)

Plaintiffs can point to no case, and the Court's own research has revealed none, suggesting that the activities of a typical tourist on vacation are sufficient to give rise to general jurisdiction. Indeed, courts have found much more substantial contacts to be insufficient under the exacting standard for general jurisdiction. See, e.g., Helicopteros Nacionales, 466 U.S. at 416-417 (finding no general jurisdiction over a Columbia corporation by a Texas court where the company's

contacts with Texas consisted of: (1) sending its CEO to Houston for a contract negotiation, (2) depositing checks drawn on a Houston bank, (3) purchasing helicopters and training services from a Texas corporation, and (4) sending employees to Texas for training); CollegeSource, 653 F.3d at 1074 (finding no general jurisdiction in California where the defendant misappropriated the plaintiff's catalogs and course descriptions in California, marketed its services to California students, had three hundred registered users and two paid subscribers in California, and had a highly interactive website used by California citizens); Hawaii Airboards, LLC v. Northwest River Suppliers, Inc., 887 F. Supp. 2d 1068 (D. Haw. 2012) (finding no general jurisdiction in Hawaii where defendant had made between 250 and 275 sales in Hawaii, totaling about $45,000, but only one-tenth of one percent of defendant's total sales). Thus, Bourland's vacations to Hawaii and activities while here were merely "a few discrete acts," rather than a "continuous and systematic" pattern, and are simply insufficient to confer general jurisdiction over Defendants. CollegeSource, 653 F.3d at 1074.

Similarly, Bourland's contribution to an architecture book that is available for purchase in Hawaii is likewise a far cry from the continuous and systematic forum contacts required for the Court to exercise general jurisdiction over Defendants. Apparently, Bourland provided some of the illustrations in the

8

book, *Commercial Drafting and Detailing*, which may be purchased online, including, presumably, by customers in Hawaii. (Pl.'s CSF, Ex. 3.) Plaintiffs do not allege that Defendants themselves market the book in Hawaii or otherwise solicit business in the state. Nor do Plaintiffs assert that Defendants themselves (rather than the book's author or publisher) are actually selling the book at all. The mere fact that a book with some illustrations by Bourland may end up, though the normal stream of commerce, being sold to a Hawaii resident, does not in itself come close to satisfying the exacting standard for general jurisdiction. See, e.g., Goodyear, 131 S. Ct. at 2852 (finding no general jurisdiction over foreign subsidiaries of Goodyear USA in North Carolina where some tires made by them did end up in North Carolina through the normal stream of commerce, but there was no evidence in the record that the foreign subsidiaries "took any affirmative action to cause tires which they had manufactured to be shipped into North Carolina.").

Finally, the Court also rejects Plaintiffs' argument that Defendant Halliday's business relationship with the DLR Group, a company that does some business in Hawaii, somehow confers general jurisdiction over Defendants in Hawaii. Plaintiffs attempt to make much of the fact that the DLR Group is involved in a construction project for the Waipahu Intermediate School on Oahu. (Opp'n at 17-20.) Defendant Bourland testified in

her deposition, however, that Halliday has no involvement with that project, or any other project the DLR Group may have in Hawaii. (Pl.'s CSF, Ex. 1 at 21, 35-36, 39.) Defendants do not dispute that they have done a number of projects for the DLR Group in other states, but there is no evidence before the Court that they have ever done work for the company in Hawaii. Defendants' business relationship with a company that, separate and apart from that relationship, happens to do some business in Hawaii, is not a sufficient contact with the forum state to establish general jurisdiction. See Walden v. Fiore, 134 S. Ct. 1115, 1122-23 (2014) (stating that "a defendant's relationship with a . . . third party [who is subject to jurisdiction in a forum], standing alone, is an insufficient basis for jurisdiction"); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.").

  In sum, the Court concludes that Plaintiffs have failed to meet their burden of demonstrating that the Court has general personal jurisdiction over Defendants. Plaintiffs concede, and the Court agrees, that there is no specific jurisdiction here.[2]

---

[2] Curiously, despite conceding that there is no specific jurisdiction over the instant dispute, Plaintiffs nevertheless
(continued...)

(Opp'n at 2.) As such, the Court finds that Plaintiffs have failed to demonstrate that the Court has personal jurisdiction over Defendants.

## II. Transfer of Venue

As noted above, at the hearing on this matter, Plaintiffs' counsel requested that this Court transfer venue instead of dismissing the case outright, should the Court conclude that personal jurisdiction is lacking. Having found that it lacks personal jurisdiction over Defendants, the Court therefore turns to Plaintiffs' motion for transfer of venue. Plaintiff seeks transfer to the U.S. District Court for the Western District of Washington. (Reply at 2.)

Pursuant to 28 U.S.C. § 1391(b),

A civil action wherein jurisdiction is founded

---

[2]/(...continued) argue that "it is less burdensome for nonresidents to litigate [in Hawaii]." (Opp'n at 21.) An analysis of the burden on the defendant of defending in the forum is only made in the context of the test for specific personal jurisdiction, which requires a balancing of seven factors. See Harris Rutsky & Co. Ins. Svcs. v. Bell & Clements Ltd., 328 F.3d 1122, 1132 (9th Cir. 2003). This consideration is not relevant to the test for general jurisdiction, which simply considers whether the defendant has engaged in "continuous and systematic general business contacts" that "approximate physical presence" in the forum state. CollegeSource, 653 F.3d at 1074. Thus, the Court need not consider Plaintiffs' arguments regarding the convenience or burden of the forum. Even were this factor relevant to the Court's analysis here, the Ninth Circuit has made clear that "[i]n evaluating the convenience and effectiveness of relief for the plaintiff, we have given little weight to the plaintiff's inconvenience." Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1324 (9th Cir. 1998).

>only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such an action.

Plaintiffs seek a transfer of venue pursuant to 28 U.S.C. § 1404(a) or § 1406(a). Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district or division where it might have been brought if it is in the interests of justice and convenient for the parties and witnesses. See also Lung v. Yachts Int'l, Ltd., 980 F. Supp. 1362, 1370 (D. Haw. 1997). Following the transfer of a diversity case pursuant to § 1404(a), the transferee court applies the substantive law of the transferor state. See Ferens v. John Deere Co., 494 U.S. 516, 523 (1990).

Under § 1406(a), on the other hand, a district court may, "in the interest of justice," transfer an action "laying venue in the wrong division or district" to any district or division in which it could have been brought. 28 U.S.C. § 1406(a). Where a court transfers venue pursuant to § 1406(a), the substantive law of the transferee court is applicable. See Ukai v. Fleurvil, Civ. No. 06-00237 JMS-KSC, 2006 WL 3246615, at

*3 (D. Haw. Nov. 7, 2006) (citing Tel-Phonic Services, Inc. v. TBS Int'l., Inc., 975 F.2d 1134, 1141 (5th Cir. 1992); Froelich v. Petrelli, 472 F. Supp. 756, 760 n. 5 (D. Haw. 1979)).

The Supreme Court held in Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962), that a district transferring an action under § 1406(a) need not have personal jurisdiction over the defendant. Following Goldlawr, many district courts, including the District of Hawaii, have concluded that a district court may transfer an action under § 1404(a) regardless of whether it has personal jurisdiction over the defendant. See Nelson v. Int'l Paint Co., 716 F.2d 640, 643 n. 4 (9th Cir. 1983) (noting that several lower courts have relied on Goldlawr to transfer a claim where the transferor forum does not have personal jurisdiction over a party); Kawamoto v. CB Richard Ellis, Inc., 225 F. Supp. 2d 1209, 1211-12 (D. Haw. 2002) (concluding that both § 1404(a) and § 1406(a) permit transfer of venue in the absence of personal jurisdiction). Therefore, this court concludes that it can transfer this action, notwithstanding the fact that it has concluded that it lacks personal jurisdiction over Defendants.

Turning to the substance of the Motion for Transfer, the Court concludes that, pursuant to 28 U.S.C. § 1391(b), venue in the District of Hawaii is not proper. All of the events giving rise to Plaintiffs' claims occurred, or allegedly should have occurred, in Nevada, and this Court has already determined that

13

Defendant' scant conduct in Hawaii is not sufficient to establish personal jurisdiction. Transfer of venue is therefore proper under § 1406(a), as that section is generally applied where the transferor court is not a proper venue for the action. See Kawamoto, 225 F. Supp. 2d at 2012. The Court therefore turns to the question of whether the transfer would be in the "interest of justice."

Plaintiffs assert that the interest of justice would be served by transfer because their case may be time barred should the Court dismiss the case outright, rather than transferring venue. The Supreme Court in Goldlawr noted that statutes of limitations may be implicated where a plaintiff originally files in the wrong forum, and that "the interest of justice may require that the complaint not be dismissed but rather be transferred in order that the plaintiff not be penalized by . . . time-consuming and justice-defeating technicalities." 369 U.S. at 467 (internal quotation marks and citations omitted). Thus, the Court acknowledged that it may be in the interest of justice to transfer, rather than dismiss, a suit that may be subject to a statute of limitations challenge should it be re-filed anew in a different forum. Id.

The date of Plaintiffs' alleged injuries in this suit is March 6, 2012. Plaintiffs filed the instant suit in Hawaii on October 16, 2014. (Doc. No. 1.) Under the law of Washington,

where Defendants reside, the statute of limitations for tort claims like those brought here is three years from the date of injury. Wash. Rev. Code § 4.16.080 (2011). Under the law of Nevada, where the accident occurred, an action for personal injuries arising out of negligence must be filed within two years of accrual. Nev. Rev. Stat. § 11.190 (2014).

Thus, were Plaintiffs required to re-file anew in district court in Washington or Nevada, it appears that their claims may well be considered time-barred. Dismissing this case would therefore permanently bar Plaintiffs from seeking recovery for damages allegedly stemming from the accident. Section 1406(a) was enacted to enable the Court, in its discretion, to avoid working precisely the type of unjust and harsh consequence that would result from a dismissal of Plaintiffs' claims due to the procedural defects in their filing. See Goldlawr, 369 U.S. at 466 (noting that § 1406(a) was enacted to avoid "the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn."). On the other hand, transferring the case allows Plaintiffs to proceed with their claims. Id. at 467 ("The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure.").

Because "both Congress and the States have made clear, through various procedural statutes, their desire to prevent timely actions brought in courts with improper venue from being time-barred merely because the limitation period expired while the action was in improper court," the Court concludes that transfer of this case is appropriate to prevent any such occurrence. See Oltman v. Holland Am. Line, Inc., 538 F.3d 1271, 1278 (9th Cir. 2008). The interests of justice would best be served by trying this case in Washington, where Defendants reside. See 28 U.S.C. § 1391(b) (stating that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"). The Court therefore DENIES Defendants' Motion to Dismiss without prejudice and GRANTS Plaintiffs' Motion for Transfer of Venue.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss without prejudice and GRANTS Plaintiffs' Motion for Transfer of Venue. The Clerk of the Court is directed to transfer this action to the Western District of Washington and close this Court's files in this matter.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 27, 2015



                                  _____
                                  Alan C. Kay
                                  Senior United States District Judge

<u>DeSantos et al. v. Bourland et al.</u>, Civ. No. 14-00473 ACK KSC, Order Denying Defendants' Motion to Dismiss without Prejudice and Granting Plaintiffs' Motion to Transfer Venue.